# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

BRUNSON ROBERTS                                                                PLAINTIFF

v.                                       NO. 5:14-cv-00277 BSM/PSH

NICOLA KELLY                                                                  DEFENDANT

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

<u>FINDINGS AND RECOMMENDATION</u>

<u>INTRODUCTION</u>. Defendant Nicola Kelly ("Kelly") is the only defendant remaining in this case.[1] She has now filed the pending motion for summary judgment. <u>See</u> Document 43.[2] For the reasons that follow, the undersigned recommends that the motion be granted and this case be dismissed.

<u>PLEADINGS</u>. Plaintiff Brunson Roberts ("Roberts") commenced this case by filing a <u>pro</u> <u>se</u> complaint pursuant to 42 U.S.C. 1983 and joining Kelly and twenty others. Roberts initially indicated in his complaint that he was joining all of the defendants in their individual and official capacities, <u>see</u> Document 2 at CM/ECF 2, but clarified later in the complaint that Kelly was being joined in her individual capacity only, <u>see</u> Document 2 at CM/ECF 10. In an amended complaint, Roberts again alleged that Kelly was being joined in her individual capacity only. <u>See</u> Document 6 at CM/ECF 1.

Roberts alleged in his complaints that Kelly disposed of Roberts' personal property without his permission. Roberts alleged that when he confronted Kelly in the property room about the missing property, Kelly became hostile and threatened Roberts with disciplinary charges. Roberts alleged that he filed grievance MX-14-0158 in response to Kelly's actions, and Kelly retaliated by writing two disciplinary charges against Roberts.

---

[1]

The other twenty defendants were dismissed in December of 2014. <u>See</u> Document 18.

[2]

Kelly filed her motion pursuant to Federal Rule of Civil Procedure 56. The rule provides, in part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Roberts' allegations were reviewed, and he was allowed to proceed with one claim, i.e., his retaliation claim against Kelly. See Documents 7, 18. Roberts' other claims were dismissed without prejudice. See Document 18.

Kelly has now filed the pending motion for summary judgment. She maintains, inter alia, that with respect to being joined in her individual capacity, Roberts is not entitled to relief because "he received a disciplinary for an actual rule violation." See Document 43 at 1. With respect to any claim against Kelly in her official capacity, Kelly maintains that she is shielded from liability by sovereign immunity.

Roberts filed a response to the motion. In the response, he again alleges that Kelly threatened to write "disciplinary after disciplinary until [Roberts was] snowed in the hole." See Document 49 at 1. Roberts supports his assertion by noting that the first disciplinary charge written by Kelly did not appear in the prison's computer system until after Roberts wrote grievance MX-14-0158 in response to Kelly's actions.[3]

FACTS. Kelly has filed a statement of material facts as required by Local Rule 56.1. Roberts filed a response to Kelly's statement, but it did not conform to the requirements of Local Rule 56.1(b). The undersigned has nevertheless considered Roberts' response, as well as the other pleadings and exhibits in the record. Those submissions establish that the material facts are not in dispute, and they are as follows:

---

[3]

Roberts' response also contains numerous other allegations, all of which appear to have been dismissed without prejudice in December of 2014. See Document 18.

1. Roberts is an inmate in the custody of the Arkansas Department of Correction ("ADC") and is housed at its Varner Unit. <u>See</u> Document 44 at CM/ECF at 1.

2. On January 15, 2014, he was released from punitive isolation after serving a sentence for a matter unrelated to the disciplinaries giving rise to this case. <u>See</u> Document 44 at CM/ECF at 1.

3. Upon his release, he went to the property office to retrieve his personal property. <u>See</u> Document 44 at CM/ECF at 1.

4. Kelly was working in the property office and gave Roberts his personal property. <u>See</u> Document 44 at CM/ECF at 1-2.

5. Roberts looked through his personal property, then began using profanity and accusing Kelly of having thrown away some of the property. <u>See</u> Document 43, Exhibit A at CM/ECF at 1; Document 44 at CM/ECF 2.

6. Kelly thereafter charged Roberts with four disciplinary violations. <u>See</u> Document 43, Exhibit A at CM/ECF at 1; Document 44 at CM/ECF 2.

7. A disciplinary hearing was conducted by an ADC hearing officer, after which Roberts received a major disciplinary for three of the four charges. <u>See</u> Document 43, Exhibit A at CM/ECF at 2; Document 44 at CM/ECF 2-3.

8. The ADC hearing officer's findings and ruling were affirmed by the Warden of the Varner Unit and a disciplinary hearing administrator, <u>see</u> Document 43, Exhibit A at CM/ECF at 3; Document 44 at CM/ECF 3; there is no evidence Roberts appealed the findings and ruling to the Director's level, <u>see</u> Document 44 at CM/ECF 3.

9. On January 21, 2014, Kelly and another officer inventoried Roberts' personal property, discovered he had excessive property, and confiscated the excessive property. <u>See</u> Document 43, Exhibit B at 1; Document 44 at CM/ECF 3.

10. Roberts became upset, began using profanity, and threatened Kelly. <u>See</u> Document 43, Exhibit B at CM/ECF at 1; Document 44 at CM/ECF 3-4.

11. Kelly charged Roberts with four disciplinary violations. <u>See</u> Document 43, Exhibit B at CM/ECF at 1; Document 44 at CM/ECF 4.

12. A disciplinary hearing was conducted by an ADC hearing officer, after which Roberts received a major disciplinary for three of the four charges. <u>See</u> Document 43, Exhibit B at CM/ECF at 2; Document 44 at CM/ECF 4-5.

13. The ADC hearing officer's findings and ruling were affirmed by the Warden of the Varner Unit and a disciplinary hearing administrator, <u>see</u> Document 43, Exhibit B at CM/ECF at 3; Document 44 at CM/ECF 5; there is no evidence Roberts appealed the findings and ruling to the Director's level, <u>see</u> Document 44 at CM/ECF 5.

<u>KELLY IN HER INDIVIDUAL CAPACITY</u>. Roberts has joined Kelly in her individual capacity. Kelly maintains that Roberts is not entitled to relief because he was found guilty of actual rule violations as charged in the disciplinaries he received on January 15, 2014, and January 21, 2014.

A prison official cannot impose a disciplinary sanction in retaliation for a prisoner's exercise of a constitutional right. <u>See Goff v. Burton</u>, 7 F.3d 734 (8th Cir. 1993). "However, claims of retaliation fail if the alleged retaliatory conduct violations were

-5-

issued for the actual violation of a prison rule." See Hartsfield v. Nichols, 511 F.3d 826, 829 (8th Cir. 2008). A prison official may successfully defend a retaliatory discipline claim by showing "some evidence" the prisoner committed a rule violation. See Id.

In this instance, there is "some evidence" to support the disciplinary charges brought by Kelly. The January 15, 2014, disciplinary reflects that the ADC hearing officer convicted Roberts of three of the four charges on the basis of, inter alia, Kelly's F-1 and 005 reports from other officers. See Document 43, Exhibit A at CM/ECF at 3. The January 21, 2014, disciplinary reflects that the ADC hearing officer convicted Roberts of three of the four charges on the basis of, inter alia, Kelly's F-1, 005 reports from other officers, and the statements of witnesses. See Document 43, Exhibit B at CM/ECF at 3. Because there is "some evidence" Roberts committed the rule violations, it cannot be said that Kelly retaliated against Roberts for filing grievance MX-14-0158.[4] Roberts' claim against Kelly in her individual capacity should therefore be dismissed.

KELLY IN HER OFFICIAL CAPACITY. Kelly also maintains that she should be dismissed in her official capacity. Roberts specifically alleged on two occasions, though, that he joined Kelly in her individual capacity only. The undersigned could therefore properly ignore Kelly's request for dismissal in her official capacity. Out of an abundance of caution, the undersigned will construe Roberts' complaints to include an allegation against Kelly in her official capacity and will briefly consider Kelly's assertions.

---

[4]

It does not matter that grievance MX-14-0158 may have appeared in the ADC computer system before the January 15, 2014, disciplinary.

Kelly maintains that she is entitled to sovereign immunity in her official capacity. It is axiomatic that a civil litigant cannot recover money damages from a state actor joined in her official capacity. See Will v. Michigan Department of State Police, 491 U.S. 58 (1989). See also Gardner v. Correctional Medical Services, 2012 WL 2389967 (E.D.Ark. 2012) (Deere, J.), recommendation adopted, 2012 WL 2389961 (E.D.Ark. 2012) (Moody, J.). To the extent Roberts seeks money damages against Kelly in her official capacity, Kelly is correct; Roberts cannot recover money damages against Kelly in her official capacity. Thus, if Roberts seeks to recover money damages against Kelly in her official capacity, the claim should be dismissed.

A civil litigant can, though, recover non-money damages from a state actor joined in her official capacity. See Nix v. Norman, 879 F.2d 429 (8th Cir. 1989). The claim against the state actor is the equivalent of a claim against the entity for which she works and requires proof that a "'policy or custom of the entity violated the plaintiff's rights, …'" See Lewis v. Haltom, — F.Supp.2d —, 2014 WL 266204, 3 (W.D.Ark. 2014) (Hickey, J) [quoting Gorman v. Bartch, 152 F.3d 907, 914 (8th Cir. 1998)]. In this instance, Roberts has offered no proof that an ADC policy or custom caused his rights to be violated. Specifically, setting aside the fact that "some evidence" supports the January 15, 2014, and January 21, 2014, disciplinaries, Roberts offered no proof that Kelly wrote the disciplinaries pursuant to an ADC policy or custom of retaliating against an inmate for utilizing the grievance procedure. Thus, if Roberts seeks to recover non-money damages against Kelly in her official capacity, the claim should be dismissed.

RECOMMENDATION. The undersigned finds that there is no genuine dispute as to any material fact, and Kelly is entitled to judgment as a matter of law. Her motion for summary judgment should therefore be granted. Roberts' retaliation claim against Kelly should be dismissed with prejudice. Roberts' complaint should be dismissed, and judgment should be entered for all of the defendants.

DATED this 28th day of June, 2016.


_____
UNITED STATES MAGISTRATE JUDGE